**MELMED LAW GROUP P.C.**
Jonathan Melmed (SBN 290218)
jm@melmedlaw.com
Kyle D. Smith (SBN 280489)
ks@melmedlaw.com
Joanne H. Kim (SBN 340608)
joanne@melmedlaw.com
1801 Century Park East, Suite 850
Los Angeles, California 90067
Phone: (310) 824-3828; Fax: (310) 862-6851

**ALL BRIDGES LEGAL, P.C.**
Daniel B. Swerdlin (SBN 243452)
daniel@allbridgeslegal.com
1388 Haight Street #58
San Francisco, California 941117
Phone: (415) 235-1751; Fax: (415) 551-1220

Attorneys for Plaintiff, the Putative Class, and the Aggrieved Employees

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA POTTS, an individual, on behalf of herself, the State of California, as a private attorney general, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIRIUS XM RADIO INC., a Delaware Corporation; PANDORA MEDIA, LLC, a Delaware Limited Liability Company; and DOES 1 TO 50,<br><br>Defendants. | Case No.: 2:21−cv−09755−DMG−KS<br><br>**Plaintiff's Request to Vacate All Court Deadlines Pending Decision on Motion to Compel Arbitration**<br><br>Dept.:          8th Floor, Courtroom 8C<br>Judge:         Hon. Dolly M. Gee<br><br>Complaint Filed:   November 15, 2021<br>Action Removed:   December 17, 2021 |

1

PLAINTIFF'S REQUEST TO VACATE ALL COURT DEADLINES PENDING DECISION ON
MOTION TO COMPEL ARBITRATION

## REQUEST TO VACATE DEADLINES

Plaintiff Jessica Potts ("Plaintiff") respectfully requests that this Court vacate all Court deadlines pending its decision on Defendants' Motion to Compel Arbitration and Dismiss Remaining Claims (the "Motion to Compel Arbitration") as follows:

1. On February 22, 2022, this Court issued its Schedule of Pretrial & Trial Dates (Jury Trial) ("Scheduling Order"), which set many deadlines for the proceedings of the litigation in this case. (Dkt. No. 16-1.)

2. On March 14, 2022, Defendants Sirius XM Radio Inc. and Pandora Media, LLC ("Defendants") filed a motion titled Defendants' Motion for Stay or, in the Alternative, Motion to Compel Individual Claims to Arbitration, Dismiss Class Claims, and Stay PAGA Claim (the "Motion to Stay"), which sought, among other alternative forms of relief, a stay of the case pending the U.S. Supreme Court's decision to grant a petition of certiorari in *Viking River Cruises, Inc. v. Moriana*, No. 20-1573, 142 S. Ct. 734, 211 L. Ed. 2d 421 (2021) [hereinafter *Moriana*]. (Dkt. No. 18.)

3. On May 27, 2022, this Court granted Defendants' Motion to Stay and stayed the case pending *Moriana*. (Dkt. No. 24.)

4. On June 15, 2022, the U.S. Supreme Court decided *Moriana*, and the Parties filed their Joint Status Report on June 30, 2022. (Dkt. No. 25.)

5. On July 1, 2022, the Court lifted the stay and ordered Defendants to file the Motion to Compel Arbitration by July 15, 2022. (Dkt. No. 26.)

6. The Motion to Compel Arbitration has since been fully briefed and, on October 5, 2022, this Court took the Motion under submission. (Dkt. No. 49.) This Court's decision on the Motion is currently pending.

7. Since March 14, 2022, when Defendants filed their Motion to Stay (less than a month after the Scheduling Order), the case has been largely in a holding pattern—due first to the pendency of the *Moriana* decision and then later due to the pendency of Defendants' Motion to Compel Arbitration.

8.  While Plaintiff propounded discovery requests on Defendants, Defendants have refused to produce responsive documents or information to a single formal discovery request, objecting, on among other grounds, that "responding to discovery is premature in light of Defendants' pending motion and the Parties' arbitration agreement." Because the outcome of Defendants' Motion to Compel Arbitration has not yet been resolved, and to avoid potentially unnecessary discovery motions, Plaintiff has held off on moving to compel further responses from Defendants pending this Court's decision. To date, however, Plaintiff has been unable to meaningfully obtain the discoverable information necessary for the prosecution of this case.

9.  Because the litigation has been unable to proceed in the normal fashion, and given the pendency of Defendants' Motion to Compel Arbitration, the Court-ordered deadlines in this case, as outlined in the Scheduling Order, cannot be met. Plaintiff therefore respectfully requests that:

    A.  All Court deadlines be vacated pending this Court's decision on Defendants' Motion to Compel Arbitration;

    B.  If Defendants' Motion to Compel Arbitration is denied in whole or in part, that the Parties be ordered to file a joint report 15 calendar days after the Court's decision containing new proposed deadlines for the scheduling of this case; and

    C.  If Defendants' Motion to Compel Arbitration is denied in whole or in part, a new Scheduling Order with updated deadlines be issued following this Court's consideration of the Parties' joint report.

Dated: October 21, 2022

**MELMED LAW GROUP P.C.**
**ALL BRIDGES LEGAL, P.C.**

/s/ Kyle D. Smith

**KYLE D. SMITH**
Attorneys for Plaintiff, the Putative Class, and the Aggrieved Employees